UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ROBINSON,<br><br>    Plaintiff,<br><br>  v.<br><br>K. WILEY, et al.,<br><br>    Defendants. | Case No. 26-cv-03644-AGT (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFEND-ANTS TO FILE A DISPOSITIVE MOTION OR A NOTICE REGARD-ING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

### INTRODUCTION

Plaintiff alleges that prison officials at CTF-Soledad knew that he was being exposed to harsh weather conditions because his cell was missing multiple window panels, and did nothing to address the matter for some time.  His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. §§ 1915 and 1915A(a).

Plaintiff has stated Eighth Amendment deliberate indifference claims against defendants.  On or before **November 23, 2026**, defendants shall file a dispositive motion or a notice regarding such motion relative to the cognizable claims raised in the complaint.  Defendants also shall file an answer in accordance with the Federal Rules of Civil Procedure.  No hearing will be held on any motion unless the Court specifically orders one.

Plaintiff has consented to magistrate judge jurisdiction for all purposes under 28 U.S.C. § 636(c).  (Dkt. No. 3.)

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    Legal Claims

Plaintiff alleges that he was housed in a cell at CTF-Soledad that was missing "multiple window panels" and that he had placed coverings over the windows to protect himself from "inclement weather and extreme cold temperatures."  (Compl., Dkt. No. 1 ¶ 11.)  In August 2025, M. Deverick, Associate Warden, despite knowing that window panels were missing in many inmates' cells, issued a memorandum prohibiting inmates

from covering their cell windows in "any form" and informing inmates that they would be issued a Rules Violations Report (RVR) if they violated this rule, while failing to order the replacement of the window panels. (*Id.* ¶¶ 5, 9, 10.) In October 2025 plaintiff was ordered by Facility Captain K. Wiley and Correctional Officer Forouzadeh to remove his window coverings, which he did out of fear of receiving an RVR. (*Id.* ¶¶ 7, 11, 12.) He was then subjected to "extreme cold temperature[s]" ranging from 30 to 34 degrees from October 2025 to January 2026. (*Id.* ¶ 12.) Window panels were replaced only after plaintiff submitted a 602 grievance in January 2026 regarding his conditions of confinement. (*Id.* ¶¶ 14 and 15.) He further alleges that Wiley failed to submit the paperwork to have the window panels replaced and instructed her subordinates to issue RVRs to inmates who covered their windows (*id.* ¶¶ 5, 11), and that Correctional Officer E. Vasquez knew of the missing panels in plaintiff's cell and failed to act to remedy the problem (*id.* ¶ 6).

When liberally construed, plaintiff has stated Eighth Amendment deliberate indifference claims against M. Deverick, K. Wiley, E. Vasquez, and A. Forouzadeh.

**C.      Motion for the Appointment of Counsel**

Plaintiff moves for the appointment of counsel. (Compl., Dkt. No. 1 at 13 to 14.) The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Plaintiff's motion for the appointment of counsel is DENIED because he

3

has not shown that extraordinary circumstances are present. This action does not present complex legal issues and he has prosecuted this action ably thus far, his complaint having presented his claims clearly.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      The Court orders service of the complaint (Dkt. No. 1), and all attachments thereto, on defendants M. Deverick, Associate Warden; K. Wiley, Facility Captain; Correctional Officer E. Vasquez; and Correctional Officer A. Forouzadeh. These defendants are employees of CTF-Soledad, and these defendants are ordered to respond to the cognizable claims raised in the complaint.

2.      Service on these defendants shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the complaint, a Magistrate Judge jurisdiction consent form, this order, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

3.      No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

4.      Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed

USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.

5.      Defendants shall complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the form.

6.      Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

7.      On or before **November 23, 2026**, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

a.      If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

8.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

9.      Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

19.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

11.     All communications by the plaintiff with the Court must be served on

5

defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

12.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this order.  Such requests must be made directly to jail officials, not to the court.

13.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

15.     A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012).  Defendants shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

6

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

16.    No hearing will be held on any motion unless the Court specifically orders one.

17.    Plaintiff's motion for the appointment of counsel is DENIED.

**IT IS SO ORDERED.**

**Dated:** July 8, 2026

ALEX G. TSE
United States Magistrate Judge